IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| UNITED STATES OF AMERICA | ) | CRIMINAL NUMBER: 3:07-671 |
| --- | --- | --- |
| | ) | 21 U.S.C. § 841(a)(1) |
| | ) | 21 U.S.C. § 841(b)(1)(A) |
| v. | ) | 21 U.S.C. § 841(b)(1)(C) |
| | ) | 18 U.S.C. § 2 |
| **TRAVIS YOUNG** | ) | |
| **KENNETH HARMON** | ) | |
| a/k/a "Kenny Harmon" | ) | SUPERSEDING INDICTMENT |

## COUNT 1

THE GRAND JURY CHARGES:

That on or about January 12, 2005, in the District of South Carolina, the defendant, **TRAVIS YOUNG**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 2

THE GRAND JURY FURTHER CHARGES:

That on or about January 28, 2005, in the District of South Carolina, the defendants, **TRAVIS YOUNG** and **KENNETH HARMON, a/k/a "Kenny Harmon"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance, and did aid and abet each other in the commission of the aforesaid offense;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT 3

THE GRAND JURY FURTHER CHARGES:

That on or about March 29, 2005, in the District of South Carolina, the defendant, **TRAVIS YOUNG**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 4

THE GRAND JURY FURTHER CHARGES:

That on or about April 17, 2007, in the District of South Carolina, the defendant, **TRAVIS YOUNG**, knowingly, intentionally and unlawfully did possess with intent to distribute 50 grams or more of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT 5

THE GRAND JURY FURTHER CHARGES:

That on or about May 14, 2004, in the District of South Carolina, the defendant, **TRAVIS YOUNG**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 6

THE GRAND JURY FURTHER CHARGES:

That on or about May 20, 2004, in the District of South Carolina, the defendant, **TRAVIS YOUNG**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 7

THE GRAND JURY FURTHER CHARGES:

That on or about July 23, 2004, in the District of South Carolina, the defendant, **TRAVIS YOUNG**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

A \_\_\_\_\_True\_\_\_\_\_ BILL

\_\_\_\_s/Foreperson\_\_\_\_
FOREPERSON

s/ Reginald I. Lloyd
REGINALD I. LLOYD      (TLM)
UNITED STATES ATTORNEY

## POSSIBLE PENALTIES:

### COCAINE BASE OR "CRACK" COCAINE

21 U.S.C. § 841(a)(1), (b)(1)(A) in a case involving 50 grams or more of cocaine base and no prior felony drug convictions - a minimum term of imprisonment of 10 years and a maximum term of life imprisonment, no probation, no parole, a fine of $4,000,000 and a term of supervised release of at least five (5) years in addition to any term of imprisonment, plus a special assessment of $100.00.

21 U.S.C. § 841(a)(1), (b)(1)(A) in a case involving 50 grams or more of cocaine base and one prior felony drug conviction - a minimum term of imprisonment of 20 years and a maximum term of life imprisonment, no probation, no parole, a fine of $8,000,000 and a term of supervised release of at least ten (10) years in addition to any term of imprisonment, plus a special assessment of $100.00.

21 U.S.C. § 841(a)(1), (b)(1)(A) in a case involving 50 grams or more of cocaine base and two or more prior felony drug convictions - a mandatory term of life imprisonment, no probation, no parole, a fine of $8,000,000, plus a special assessment of $100.00.

21 U.S.C. § 841(a)(1), (b)(1)(C) in a case involving less than 5 grams of cocaine base and no prior felony drug conviction - a maximum term of imprisonment of 20 years, no probation no probation if death or serious bodily injury results, no parole, a fine of $1,000,000 and a term of supervised release of at least three (3) years in addition to any term of imprisonment, plus a special assessment of $100.00.

21 U.S.C. § 841(a)(1), (b)(1)(C) in a case involving less than 5 grams of cocaine base and one prior felony drug conviction - a maximum term of imprisonment of 30 years, no probation if death or serious bodily injury results, no parole, a fine of $2,000,000 and a term of supervised release of at least six (6) years in addition to any term of imprisonment, plus a special assessment of $100.00.

RECORD OF GRAND JURY BALLOT

C/ _____

THE UNITED STATES V. TRAVIS YOUNG
KENNETH HARMON, A/K/A "KENNY HARMON"

(SEALED UNTIL FURTHER ORDER OF THE COURT)